ORIGINAL



RECEIVED
MAR 18 2016
PRO SE OFFICE

United States District Court
Eastern District of New York
------------------------------------- X
KEVIN GILL , SIERRA WHITLEY
    Plaintiff,

CASE #
CV 16 - 1398
COMPLIANT

- against -

JURY DEMAND

ROSS, J.

THE CITY OF NEW YORK, and WALTER CHAIM,
MOSHE KHAN, MYRKO BAZLIME(civilians)
P.O.M. DAWKINS, P.O.M AGARD, SGT. HAUG
of the 73rd Precinct
        Defendants.

BLOOM, M.J.

------------------------------------- X
Plaintiffs, KEVIN GILL, SIERRA WHITLEY by Pro Se, file this complaint of the actions and procedures of the defendants herein, THE CITY OF NEW YORK, WALTER CHIAM, MOSHE KHAN, MYRKO BAZLIME (Civilian defendants) and P.O. AGARD, P.O. DAWKINS, SGT. HAUG of the 73rd Precinct.

**NATURE OF THE ACTION**

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statue, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and by Title 42 U.S.C. § 1983 [ and § 1985 ],[ and arising under the law and statues of the City and State of New York ].

**JURISDICTION**

2. The jurisdiction of this court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth,

Fifth, Sixth, Seventh, Eight and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

5. At all relevant times defendants P.O. Agard, P.O. Dawkins, SGT. Haug (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/officers employed by defendant City of New York.

6. At all relevant times, defendants Walter Chaim, Moshe Khan and Myrko Bazlime (hereinafter "defendant civilians") were, upon information and belief, and still are residents of the United States and the State of New York. Defendant civilians are believed to be Officers/employees/agents of/for SILVER INVESTORS INC. ,located at 420 Broadway, Brooklyn N.Y. 11211. Additionally, a license plate for Myrko Bazlime has been recorded as #CWJ-6861

7. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under the color of the statues and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

8. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained herein were done as part of the custom, practice,

usage, regulation and/or at the direction of the defendant City of New York.

9. Plaintiffs are suing the defendant officers in their individual and official capacities.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On March 2, 2015 approximately 3:30 pm, defendants Moshe Khan and Walter Chaim did enter Plaintiffs legal residence at 2362 Atlantic Avenue, uninvited. Said defendants did walk upstairs to the second floor and upon seeing a startled Sierra Whitley, commanded her to "get out my house!!."

11. At that same instance, Plaintiff Kevin Gill, returning home did find defendants Moshe Khan and Walter Chiam attempting to forcibly usher plaintiff Whitley (who was terrified) out the front door.

12. Defendant Walter Chiam had Plaintiffs' lock and chain length, screaming "you broke into my house!!." Plaintiff Gill then took his chain length and lock from defendant Walter Chiam and ordered civilian defendants to "get the hell out of here" and told Plaintiff whitley to "go back upstairs!!." Civilian defendants Moshe Khan and Walter Chiam walked out the front door Screaming they were "calling the police!!" Plaintiff Gill also went outside to await the NYPD.

13. Minutes later Defendant officers Agard and Dawkins arrived. As they walked toward plaintiff Kevin Gill defendants Walter Chiam and Moshe Khan told defendant officers "They broke into my house." Officer Dawkins then asked plaintiff Kevin Gill " You live here?" Kevin Gill answered "Yes, I live here and these men are harrassing us."

14. Defendant Walter Chiam then began to walk inside 2362 Atlantic Ave. Defendants Agard and Dawkins following behind them.

15. When plaintiff Kevin Gill attempted to block his doorway he was immediately grabbed by defendant officers and handcuffed by defendant Agard.

**16.** Defendant Agard then allowed defendants Moshe Khan and Walter Chaim to enter plaintiffs home - while plaintiff Kevin Gill was pulled outside and interrogated for his "identification" by defendant Dawkins and to produce "papers" for the house. Plaintiff Gill told defendant Dawkins to "ask him to produce papers concerning the the house" (refering to Walter Chaim). Defendant told Plaintiff to "shut up, thats another charge for not having your I.D."

**17.** After placing plaintiff Kevin Gill in squad car officer Dawkins joined the other defendants inside 2362 Atlantic Ave. and told visibly pregnant Sierra Whitley that she had to leave 2362 Atlantic Ave., and she was "lucky we not locking you up." Two unknown officers showed up to make sure plaintiff Sierra Whitley left 2362 Atlantic Ave. Plaintiff Kevin Gill was falsely charged with menacing, trespassing, and fraud. This unauthorized arrest was approved by Defendant Sargent Haug. (Refer to exhibit A)

**18.** Plaintiff Sierra Whitley walked to 73rd Precinct to check on plaintiff Kevin Gill and spoke to defendant Dawkins who told her "Do not go back to that house. You are being locked out right now."

**19.** Plaintiff Whitley, distraught, hurried back to 2362 Atlantic Ave. Minutes later after arriving home she witnessed Myrko Bazlime, Moshe Khan, and Walter Chaim lock the gate and board the front door entrance. locking plaintiff Whitley inside.

**20.** That every officer and Civilian had any involvement and/or was present at the location of the illegal entrance, harassment and unwarranted arrest described herein knew and was fully aware that the search and seizure was illegal and that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

**21.** As a result of the aforementioned actions by defendant officers and civilians, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of

liberty, difficulty sleeping, lost of sleep, loss of intimacy, headaches, persecution complex, loss of rights to familial association, loss of peace of mind, wages and financial losses, loss of pregnancy (refer to exhibit B), pain and damage, and damages to reputation.

### FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

22. By this reference, plaintiffs incorporate each and every allegation and averment set fourth in paragraphs 1 through 21 of this complaint as though fully set forth herein.

23. The conduct of defendant officers/civilians, as described herein, amounted to false arrest, unlawful entry, excessive use of force, malicious abuse of process, failure to intervene, unreasonable detention, warrantless search and seizure, racial profiling, abuse of authority, unlawful taking of private property, harassment, conspiracy, discrimination, selective enforcement, fabrication of probable cause, denial of equal protection of the laws, denial of right to a fair trail, denial of the rights and malicious prosecution.

24. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

25. Consequently plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trail against each of the defendants, individually and severally.

### SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY- against defendant City of New York

26. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 25 of this complaint as though fully set forth herein.

27. Defendant City of New York, acting through the New York Police Department, had actual and/or de

facto policies, practices, customs and/or usages of failing to properly train , supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in
the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such an arrest, and has failed to promulgate, put into effect and monitor the enforcement of appropriate rules to ensure that invalid warrants are promptly vacated.

**28.** Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

**29.** Upon information and belief, many of the named individuals and defendants have a lengthy substantiated history of police misconduct, fraud and dishonesty. Further, many of the named individuals and defendants are named defendants in numerous lawsuits in this district and in the Southern District of New York alleging similar claims as those alleged herein-many of which lawsuits have been settled by defendants
and individuals, like the City of New York, with said defendant( making substantial monetary payments to the plaintiffs in the said lawsuits.

**30.** In addition to the named individuals and defendants, several officers of the NYPD assigned to the NYPD-73rd Precinct- as the named authority employing individuals and defendants-routinely performing warrantless searches and making unlawful arrests, charging innocent persons with various crimes and/or offenses.

**31.** Most of the arrests and charges made by officers assigned to the NYPD - 73rd Precinct are usually

voided and/or dismissed by prosecutors for lack of evidence.

**32.** Defendant, City of New York, has settled numerous lawsuits brought in this district against several officers assigned to the NYPD - 73rd Precinct concerning similar arrests and charges as those described herein.

**33.** Defendant, City of New York, maintained the above described policies, practices, customs, or usages lead to improper conduct by its police officers and employees.  In failing to take any corrective actions; defendant, The City of New York, acted with deliberate indifference, and its failure  was a direct and proximate cause of plaintiffs' injuries as described herein.

**34.** The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treaties, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force, and the right to due process.

**35.** By these actions, defendants have deprived plaintiffs of rights secured by treaties, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983.

### THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

**36.** By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 35 of this complaint as though fully set herein.

**37.** In an effect to find to use against the plaintiffs, defendant officers conspired among themselves and

conspired with other individuals to intentionally deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, because of their race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

**38.** In light of the foregoing therefore, defendant officers/civilians engaged in a conspiracy designed to deprive plaintiffs of their constitutional and federal rights in violation 42 U.S.C. § 1985.

**39.** As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

**FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE 1, §§ 5, 6, 8, 11 & 12**

**40.** By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff Gill without probable cause or reasonable suspicion, and harassing them and depriving the plaintiffs of due process and equal protection of laws, defendants deprived plaintiffs of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New York by Article 1,§ 5 (prohibiting cruel and unusual punishments), Article 1 § 6 (providing for due process), Article 1, § 8 (guaranteeing free of speech), Article(prohibiting discrimination in civil rights and providing for equal protection of laws) & Article 1, 12 (prohibiting unreasonable searches and seizures) of the New York Constitution.

**41.** In addition, defendant officers, including Sgt. Haug, conspired among themselves and conspired with defendant civilians to deprive the plaintiffs of their constitutional rights secured by Article 1, §§ 5, 6, 8,

11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

**42.** Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendants officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive the plaintiffs of their constitutional rights secured by Article 1, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

**43.** Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

**FIFTH CAUSE OF ACTION: OTHER NEW YORK TORTS**

**44.** By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

**45.** The collective conduct of the defendants, as described herein, amounted to false arrest/imprisonment, trespass, illegal/warrantless search and seizure, unreasonable use of force, unreasonable detention, negligence, defamation, conspiracy, special injury, loss of consortium, harassment, tortuous interference, abuse of power, fraud, negligent and intentional infliction of emotional distress and negligent hiring and
retention of defendant officers.

**46.** Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

    **a.**    For compensatory damages against all defendants in an amount to be proven at trial;
    **b.**    For exemplary and punitive damages against all defendants in an amount to be proven at trial.
    **c.**    For all costs of plaintiffs theoretical time spent, preparation and execution of complaint (this includes but is not limited to: cost of copies, notarized affidavits, certified mail, police reports, ink, paper, etc.)
    **d.**    For such other and further relief that this court deems proper.

DEMAND FOR TRAIL BY JURY

  Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

I declare under the penalty of perjury that the above/foregoing is true and correct.

Signed this 22 day of FEBURARY, 2016.

Signature of Plaintiff(s): _____

_____

Mailing Address: 2362 Atlantic Ave.

Brooklyn, NY 11233

Telephone Number: (347) 248-8805

SUBMITTED
2/23/15
KG.    S.W.

Notary: SWORN BEFORE ME ON THIS 22 day of February 2016.

Signature: _____

STAMP AND/OR SEAL:

MADHURI ATUL KELUSKAR
Notary Public, State of N.Y.
No. -41-4961620
Qualified in Nassau County
Cert. Filed in Kings County
Commission Expires Feb. 5, 2018



Criminal Form 2    8/2010

ORI No: NY0230I5
Order No:
NYSID No: 06991534M
CJTN No.
Present: Hon. Campanelli,

At a term of the Criminal Court, County of Kings
at the Courthouse at (address) 120 Schermerhorn St, State of New York

**ORDER OF PROTECTION**
Non-Family Offense – C.P.L. 530.13[1]
(Not involving victims of domestic violence)

❏ Youthful Offender (check if applicable)
Part AP2 Index/Docket No. 2015KN012391
Indictment No., if any:
Charges: 120.14 et al

**People of the State of New York**
-against-
Kevin Gill

**Defendant**
Date of Birth: 10/05/70

(Check one): ❏ Ex parte
❏ Defendant Present in Court

**NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

---

❏ **TEMPORARY ORDER OF PROTECTION.** Whereas good cause has been shown for the issuance of a temporary order of protection [as a condition of ❏ recognizance ❏ release on bail ❏ adjournment in contemplation of dismissal].
❏ **ORDER OF PROTECTION.** Whereas defendant has been convicted of [specify crime or violation]:

And the Court having made a determination in accordance with section 530.13 of the Criminal Procedure Law,
**IT IS HEREBY ORDERED** that the above-named defendant observe the following conditions of behavior:
(Check applicable paragraphs and subparagraphs):

☒ Stay away from ❏ [name(s) of protected person(s) or witness(es)]: Chaim Walter
   and/or from the    ❏ home of
   ❏ school of
   ❏ business of
   ❏ place of employment of
   ❏ other                                                                  ;

☒ Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with [specify protected person(s)]: Chaim Walter                                                 ;

☒ Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats or any criminal offense or interference with the victim or victims of, or designated witnesses to, the alleged offense and such members of the family or household of such victim(s) or witness(es) as shall be specifically named [specify]: Chaim Walter                  ;

❏ Refrain from intentionally injuring or killing without justification the following companion animal(s) (pet(s)) [specify type(s) and, if available, name(s)]:                                                                 ;

❏ Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following: _____ and do not obtain any further guns or other firearms. Such surrender shall take place immediately, but no later than [specify date/time]: _____
   at: _____

❏ Specify other conditions defendant must observe for the purposes of protection: _____
                                                                                          ;

**IT IS FURTHER ORDERED** that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law §400.00, is hereby ❏ suspended or ❏ revoked (note: final order only), and/or ❏ the Defendant shall remain ineligible to receive a firearm license during the period of this order. (Check all applicable boxes). **NOTE:**

 

FIRE DEPARTMENT – CITY OF NEW YORK
## Public Records Unit / ACR Section
9 MetroTech Center
Brooklyn, New York 11201-3857
(718) 999-1998 or 1999

# Ambulance Call Report/ Prehospital Care Report Request Form

**SECTION A — CUSTOMER INFORMATION**

Please print the required information below.

Name: Sierra T. Whitley
Telephone Number: (6?7) 475-____

Address: 1511 E. New York Ave #__

State: Brooklyn, NY    Zip Code: 11212

Note: Please make sure you complete this form and attach all required documents. Enclose a check or money order made payable to the NYC Fire Department and a stamped self-addressed envelope (with postage). Mail checks or money orders directly to the address and unit listed above. Only money orders or checks will be accepted for Requests (no exceptions). DO NOT MAIL CASH.

**SECTION B — PATIENT INFORMATION**

Please carefully read the instructions below and print the required patient's information.

Name of Patient: Sierra Whitley
Incident / Date: 04/27/3_
Incident / Time: 4:4_  AM [X]  PM [ ]
Incident / Location: ___
Incident / Borough: ___
Hospital taken to: ___

Is the patient a minor (please check only one box)?   YES [ ]   NO [X]

Date of Birth: __/27/___
Last 4 digits of Social Security Number: ___
If you have the ACR/PCR, please provide ACR/PCR number: ___
What is the requester's relationship to the patient (please check only one box below)?

[X] Self / Patient    [ ] Parent / Guardian    [ ] Executor / Administrator of Estate    [ ] Other ___

**CUSTOMER – PLEASE READ AND SUBMIT THE REQUIRED ITEM(S) BELOW**

- An original notarized letter from the patient authorizing the release of this information.
- Proof of parental status or guardianship, if the patient is a minor. Acceptable proof is a copy of the patient's birth certificate or a court document showing custody / guardianship.
- Proof that a court has appointed you executor or administrator of the patient's estate, if the patient is deceased