UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
KEVIN GILL; SIERRA WHITLEY,

Plaintiffs,

-against-

THE CITY OF NEW YORK; WALTER CHAIM; MOSHE KHAN; MYRKO BAZLIME (civilians); P.O. DAWKINS; P.O. AGARD; SGT. HAUG of the 73rd Precinct.

Defendants.
---------------------------------------------------------------x

**ORDER OF PARTIAL DISMISSAL**
16-CV-1398 (LDH)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 11 2016 ★
BROOKLYN OFFICE

LASHANN DEARCY HALL, United States District Judge:

On March 18, 2016, pro se plaintiffs Kevin Gill and Sierra Whitley filed this action alleging that New York City police officers and private individuals violated their civil rights. Plaintiffs' requests to proceed in forma pauperis are granted.

For the reasons discussed below, plaintiffs' claims brought under 42 U.S.C. § 1985 are dismissed. Plaintiffs' § 1983 claims against defendants Walter Chaim, Moshe Khan, and Myrko Bazlime are likewise dismissed. Plaintiffs' § 1983 claim against the City of New York and the police officers Dawkins, Agard and Sergeant Haug, will proceed.

## Background

The following facts are drawn from plaintiffs' complaint, the allegations of which are assumed to be true for purposes of this decision. On March 2, 2015, defendants Khan and Chaim entered 2362 Atlantic Avenue in Brooklyn, New York, which Gill claims is his legal residence. Compl. ¶ 10. Upon entering the residence, Khan and Chaim encountered plaintiff Sierra Whitley, and "forcibly ushered" her from the residence. Compl. ¶ 11. Chaim believed that plaintiffs had

broken into his property, and he called the police. Officers Agard and Dawkins responded and arrested plaintiff Gill. He was charged with menacing, trespassing, and fraud. Compl. ¶ 17. Plaintiff Whitley was directed by police officers to leave the residence. Id.

Plaintiffs aver that the City of New York and the 73rd Precinct maintain a policy or practice of performing warrantless arrests and making unlawful arrests. Further, plaintiffs aver that many arrests made by the 73rd Precinct are dismissed for lack of evidence. Plaintiffs seek monetary damages.

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Matson v. Bd. of Educ., 631 F.3d 57, 63 (2d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal 556 U.S. at 678. In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 104-105 (1976)); see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after Twombly, the court "remain[s] obligated to construe a pro se complaint liberally").

Nevertheless, the Court is required to dismiss an in forma pauperis action sua sponte if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2)(B); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

## Discussion

### I. Section 1983

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). Plaintiffs must also provide facts sufficient to allow each defendant to have a fair understanding of what plaintiff is alleging and to know whether there is a legal basis for recovery. See Simmons v. Abruzzo, 49 F.3d 83 (2d Cir. 1995)); see also Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that states only naked assertions and lacks further factual development does not meet the Rule 8 standard. See Iqbal, 556 U.S. at 678.

#### A. Private Individuals

Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State

itself.'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). For plaintiffs to succeed on their § 1983 complaint, they must first establish that the conduct of the named defendants is "fairly attributable to the State." Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50. Here, defendants Chaim, Khan and Bazlime are private parties and therefore not state actors; and thus, 42 U.S.C. § 1983 is ordinarily inapplicable to them.

Private individuals who are not state actors may nonetheless be liable under § 1983, however, if they have conspired with or engaged in joint activity with state actors. Filarsky v. Delia, --- U.S. ----, 132 S.Ct. 1657, 1661, 182 L.Ed.2d 662 (2012). In order to state a § 1983 conspiracy claim against a private entity, plaintiffs must do more than plead simply and in conclusory fashion that the defendant "conspired" with state actors. Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002). Instead, the plaintiffs must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pacicca v. Stead, 456 Fed.Appx. 9, 12 (2d Cir. 2011) (quoting Ciambriello, 292 F.3d at 324-25); see also Shabtai v. Levande, No. 13 CV 4580 ENV, 2013 WL 6116850, at *3 (E.D.N.Y. Nov. 20, 2013).

Here, plaintiffs fail to allege any facts to show that defendants Chaim, Khan and Bazlime acted in concert with the police in furtherance of committing an unconstitutional act. As Chaim, Khan and Bazlime are private parties whose conduct is not attributable to the state, they cannot be held liable under § 1983. See, e.g., Betts v. Shearman, 751 F.3d 78, 85 (2d Cir. 2014) ("Where a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not jointly engaged in the officer's conduct so as to render it a state actor under § 1983."); see also Harrison v. New York, No. 14 CV 1296, 2015 WL

1413359, at *18 (E.D.N.Y. Mar. 20, 2015) (section 1983 constrains state conduct, not the acts of private individuals or entities). Therefore, plaintiffs' § 1983 claims against defendants Chaim, Khan and Bazlime are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

**II. Section 1985**

Section 1985 permits an injured party to recover damages "[i]f two or more persons ... conspire ... for the purpose of depriving, either directly or indirectly, [the injured party] of the equal protection of the laws, or of equal privileges ... of the laws." 42 U.S.C. § 1985(3). To recover pursuant to § 1985(3), a plaintiff must demonstrate that there was: (1) a conspiracy; (2) for the purpose of depriving a person ... of the equal protection of the laws, or the equal privileges and immunities of the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. Morpugo v. Inc. Vill. of Sag Harbor, 697 F. Supp. 2d 309, 339 (E.D.N.Y. 2010) (citing Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999)). "A conspiracy is an agreement between two or more individuals, where one individual acts in furtherance of the objective of the conspiracy, and each member has knowledge of the nature and scope of the agreement." Morpugo, 697 F. Supp. 2d at 339 (citing Dove v. Fordham Univ., 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1999)). There must be a "meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003) (citations omitted). Furthermore, a plaintiff must demonstrate that the conspiracy was "motivated by 'some racial or perhaps otherwise class-based'" factors. Mian v. Donaldson, Lufkin, & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1999) (quoting United Bhd. of Carpenters, Local 610 v. Scott,

463 U.S. 825, 828-29 (1983)). "[C]onclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) (quoting Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983)); Ali v. Connick, No. 11 CV 5297, 2015 WL 5693677, at *9 (E.D.N.Y. Sept. 28, 2015).

Plaintiffs have failed to allege any facts to establish that a conspiracy existed among the defendants. Plaintiffs simply assert that defendant officers "conspired among themselves and conspired with civilian defendants to deprive the plaintiffs of their constutional rights[.]" Compl. ¶ 41. Moreover, plaintiffs' complaint fails to plausibly suggest that the claimed conspiracy was motivated by racial or class-based animus. Liang v. City of New York, No. 10 CV 3089, 2014 WL 4966074, at *4 (E.D.N.Y. Oct. 3, 2014). Therefore, plaintiffs' § 1985 claims are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**Conclusion**

Accordingly, it is hereby:

ORDERED that plaintiff's claims against Walter Chaim, Moshe Khan and Myrko Bazlime are dismissed. See 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these defendants, and it is further;

ORDERED that plaintiff's claims brought pursuant to 42 U.S.C. § 1985 are dismissed. See 28 U.S.C. § 1915(e)(2)(B), and it is further;

ORDERED that the Clerk of Court is hereby directed to serve the summons, complaint, and the instant order upon defendants: the City of New York, police officers Dawkins and Agard, and Sergeant Haug, of the 73th Police Precinct in Brooklyn, New York, and it is further;

ORDERED that a courtesy copy of the summons, complaint, and the instant order shall be

served upon the Corporation Counsel for the City of New York.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

s/ LaShann DeArcy Hall
LASHANN DEARCY HALL
United States District Judge

Dated: Brooklyn, New York
April 7, 2016